# EXHIBIT
# A

| | |
|---|---|
| **DISTRICT COURT, WELD COUNTY, COLORADO**<br>9915 10th Street<br>P.O. Box 2038 (80632)<br>Greeley, CO 80631 | **DATE FILED**<br>June 10, 2026 2:02 PM<br>FILING ID: EEB2074633E34<br>CASE NUMBER: 2026CV30719 |
| **PLAINTIFF:** MARKEL AMERICAN INSURANCE COMPANY as subrogee of Kran, LLC<br><br>v.<br><br>**DEFENDANT:** VAULT PRESSURE CONTROL, LLC, a Delaware corporation | ⋏ **COURT USE ONLY** ⋏ |
| ***ATTORNEYS FOR PLAINTIFF:***<br>P. Joel Radakovich<br>Colorado Bar No. 57611<br>Joely L. Williamson<br>Colorado Bar No. 62664<br>GROTEFELD HOFFMANN LLP<br>6034 W Courtyard Drive, Suite 200<br>Austin, Texas 78730<br>Telephone: (737) 226-5600<br><br>Lawrence T. Bowman *(Pro Hac Vice to be submitted)*<br>Texas State Bar No. 00788993<br>1717 Main Street, Suite 3650<br>Dallas, Texas 75201<br>Telephone: (214) 97 4-7399 | **Case No.:** _____<br><br>**Division:** \_\_\_\_ |
| **COMPLAINT** ||

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Markel American Insurance Company, as subrogee of Kran, LLC, hereby files this Original Complaint against Defendant Vault Pressure Control, LLC, and respectfully states as follows:

## PARTIES

1.     Plaintiff Markel American Insurance Company (hereinafter, "Markel" or "Plaintiff") is a foreign limited liability company organized under the laws of the State of Virginia and duly authorized to transact business in the State of Colorado.

2.     Defendant Vault Pressure Control, LLC (hereinafter, "Vault" or "Defendant") is a foreign Delaware for-profit corporation duly formed and existing under the laws of the State of Colorado, having its principal office street address and mailing address located at 5775 N Sam Houston Pkwy W, Suite 700, Houston, Texas 77086. Defendant may be served with process through its Colorado registered agent, Cogency Global, Inc. at 600 17th St., Ste 1450S, Denver, Colorado 80202, or wherever else it may be found.

3.     At all relevant times, Kran, LLC (hereinafter, "Kran" or "Insured") was a domestic for-profit corporation duly formed and existing under the laws of the State of Colorado, which held a policy of insurance with Plaintiff Markel.

4.     At issue in this litigation is damage that occurred at the Chevron Bishop Well in Galeton, Colorado, Weld County.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to C.R.S. § 13-1-124(1)(a)-(b) because Defendant transacted to do business in Colorado, and the tortious acts were committed in Colorado.

6.     Venue is proper in this Court as the events giving rise to the allegations herein occurred in Weld County, Colorado, pursuant to C.R.C.P. 98(c)(4)-(5).

---

COMPLAINT

## FACTS

7.      On or around April 21, 2023, Chevron Corp. (hereinafter, "Chevron") and Champion Oilfield Service Inc., (hereinafter, "Champion") entered into an agreement for Champion to provide services and equipment.

8.      Sometime before April 6, 2025, Champion began renting a 2019 GR1000X XL-3 Crane, bearing serial number RA0360 and owned by Kran (hereinafter, the "Subject Crane").

9.      At all relevant times, Champion rented the Subject Crane from the Insured for its purposes of fulfilling its duties under its agreement with Chevron.

10.     On or around April 6, 2025, the Subject Crane was being utilized in Galeton, Colorado at the 483510 Noble/Chevron Bishop A07-01 pad (hereinafter, the "Subject Pad"). The Chevron Bishop Well (hereinafter, the "Subject Well") was located at the Subject Pad.

11.     On or around April 6, 2025, a well blowout incident occurred, involving the failure of the Subject Well's internal safety systems. Specifically, the Subject Well's designed well barriers failed, leading to a loss of control over the pressure within the Subject Well (the "Subject Failure").

12.     The Subject Failure resulted in an uncontrolled flow of fluids—consisting of water, crude oil, and gases—erupting from the Subject Well into the atmosphere and surrounding area (the "Subject Blowout").

13.     Fluids continued to emit from the Subject Well until approximately four days later, on or around April 10, 2025, when Chevron successfully stopped the Subject Blowout.

14.     On or around April 11, 2025, the Unified Incident Command response team, composed of Weld County first responders, Galeton Fire Protection, Chevron, and US Environmental Protection Agency (EPA), declared the Subject Blowout successfully "secured."

15. As a result of the Subject Blowout, the Subject Crane was soaked in fluids emitted from the Subject Blowout for approximately 93 consecutive hours, resulting in extensive corrosion damage to the Subject Crane (the "Subject Loss").

16. Investigation into the Subject Loss revealed that the Subject Blowout occurred due to Defendant Vault and/or its employees, contractors, consultants, agents, and/or representatives improperly assembling equipment associated with the installation of a production tree to the Subject Well.

17. Subsequent investigation revealed that such improper installation resulted in the inadequate setting of the well barrier, which is designed to prevent the flow of liquids, specifically events like the Subject Blowout. Specifically, Defendant did not correctly assemble the Subject Well's tubing hanger and its running tool before or during its installation, which directly resulted in the Subject Failure, and ultimately the Subject Blowout.

18. As such, Defendant Vault is liable to Markel for the damages incurred due to their negligence and failure to ensure safety at the Subject Well and/or Subject Pad.

19. Pursuant to its policy of insurance, Kran made a claim to Plaintiff Markel seeking indemnification and reimbursement for damages resulting from the Subject Loss.

20. Plaintiff Markel has paid or will pay sums in excess of $594,855.00 to the Insured, Kran, for losses arising out of the Subject Loss.

21. In consideration of Plaintiff's payments to its Insured as a result of the Subject Loss, Plaintiff is subrogated to all rights, claims, and interests that the policyholders may have against any person or entity that may be liable for causing the reimbursed damages that resulted from the Subject Loss.

---

COMPLAINT

## CAUSES OF ACTION

### Count 1 – Negligence

22.    Plaintiff hereby incorporates by reference the foregoing factual allegations in paragraphs 1 through 21 as if set forth fully herein.

23.    Defendant Vault was under a duty to exercise a high level of care commensurate with and proportionate to the danger and risk of assembling equipment associated with the installation of the production tree to the Subject Well.

24.    Defendant has special knowledge and expertise far above that of a lay person that it was required to bring to bear upon the assembly, installation, and/or oversight of the Subject Well, to assure safety under its intended operation.

25.    On the occasion in question, Vault breached its duties in one or more of the following ways:

(a)    failed to properly secure the Subject Well's barriers;

(b)    failed to properly install the Subject Well's tubing hanger and running tool before installing the production tree;

(c)    failed to properly maintain control over the pressure within the Subject Well;

(d)    failed to prevent damage to Kran's property as a result of the Subject Blowout;

(e)    failed to supervise its employees, agents, sub-contractors, suppliers, and vendors, during its operation of the Subject Well;

(f)    failed to supervise its employees, agents, sub-contractors, suppliers, and vendors, during the installation of the Subject Well's tubing hanger and running tool;

(g)    failed to perform its work in accordance with that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work; and

(h)     Was otherwise negligent in ways that will be shown during discovery.

26.     Each of these acts and omissions, separately or in combination with others, constitutes the direct and proximate cause of the damages suffered by Kran, which Plaintiff Markel has since reimbursed, and may continue to reimburse, Kran for damages stemming from the Subject Loss.

### CONDITIONS PRECEDENT

27.     All conditions precedent have been performed or have occurred.

### PRAYER

For these reasons, Plaintiff Markel American Insurance Company, as subrogee of Kran, LLC, asks that the Court issue citation for Defendant, Vault Pressure Control, LLC to appear and answer and that Plaintiff be awarded a judgment against Defendant for actual damages, attorney's fees and costs, prejudgment and post-judgment interest, court costs, and all other relief to which Plaintiff is entitled.

Respectfully submitted,

**GROTEFELD HOFFMANN**

BY:     */s/ P. Joel Radakovich*
         P. Joel Radakovich (CO Bar #57611)
         jradakovich@ghlaw-llp.com
         Joely L. Williamson (CO Bar #62664)
         jwilliamson@ghlaw-llp.com
         GROTEFELD HOFFMANN
         6034 West Courtyard Drive, Ste. 200
         Austin, Texas 78730
         Telephone: (737) 226-5600
         Fax: (312) 601-2402

COMPLAINT

Lawrence T. Bowman *(Pro Hac Vice to be submitted)*
Texas State Bar No. 00788993
lbowman@ghlaw-llp.com
1717 Main Street, Suite 3650
Dallas, Texas 75201
Telephone: (214) 974-7399
Fax: (312) 601-2402

**ATTORNEYS FOR PLAINTIFF**